**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-7061

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEFFREY A. MARTINOVICH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Arenda L. Wright Allen, District Judge.  (4:15-cr-00050-AWA-LRL-1; 4:18-cv-00027-AWA)

Submitted:  May 16, 2019                           Decided:  June 13, 2019

Before WYNN and DIAZ, Circuit Judges, and DUNCAN, Senior Circuit Judge.

Vacated and remanded in part and dismissed in part by unpublished per curiam opinion.

Jeffrey A. Martinovich, Appellant Pro Se.  Brian James Samuels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey A. Martinovich appeals from the district court's order denying his 28 U.S.C. § 2255 (2012) motion. We previously granted a certificate of appealability (COA) on the following issues: whether Martinovich received ineffective assistance of counsel when his attorney failed to object to (1) the presentence report's (PSR) and the district court's conclusions that Martinovich was overstating his employment and volunteer work at the prison; (2) the district court's determination that it would not consider Martinovich's positive work in the community in determining his sentence; and (3) the district court's conclusion that Martinovich agreed to a sentence at the top of the Guidelines range. We denied a COA as to all remaining claims and ordered additional briefing.

To succeed on his claims, Martinovich must show that (1) counsel's performance was constitutionally deficient and (2) such deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the performance prong, Martinovich must demonstrate that counsel's performance fell below an objective standard of reasonableness under "prevailing professional norms." *Id.* at 688. In assessing counsel's conduct, we evaluate it "from counsel's perspective at the time" and apply "a strong presumption that counsel's representation was within the wide range of reasonable professional assistance in order to eliminate the distorting effects of hindsight." *Christian v. Ballard*, 792 F.3d 427, 443 (4th Cir. 2015) (internal quotation marks and citation omitted). "In all cases, the [movant's] burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the

2

defendant by the Sixth Amendment." *Id.* (internal quotation marks omitted). To satisfy the prejudice prong, Martinovich must demonstrate that "there is a reasonable probability that, but for [trial] counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

I.

Martinovich first asserts that his attorney failed to object when the district court incorrectly concluded that Martinovich was inflating his good works at the prison. The PSR provides that Martinovich reported that, after being incarcerated on November 13, 2013, he served as a GED diploma tutor, an assistant to the Director of Education, and a law library assistant. In addition, Martinovich stated that he had created an adult education program business course for inmates reentering the work force. However, the PSR reported that, according to records from the BOP, Martinovich was an education orderly for two days and an education tutor since January 9, 2014, and that no other records existed. Nonetheless, at sentencing, Martinovich testified that the PSR was "an accurate reflection" of his "history and characteristics."

Martinovich asserts that he provided his attorney documentation supporting the information given to the probation officer, but that his attorney nonetheless failed to object to the sentencing court's conclusion that he was exaggerating his work in prison. In support, Martinovich submitted an affidavit from another inmate and an unverified letter from an Education Specialist, discussing his work in prison.

When imposing sentence, the sentencing court talked at length about the 18 U.S.C. § 3553(a) (2012) sentencing factors, specifically mentioning Martinovich's work in prison only on two occasions. The court noted that the BOP keeps records on "everything that happens" to prisoners and that the BOP records "reveal something different" than what Martinovich was asserting. The court specifically stated that "[y]ou're inflating what you're doing in the BOP."

In Martinovich's § 2255 proceeding, the district court, without a Government response, summarily ruled that Martinovich represented at sentencing that there were no errors in the PSR and that the court fully considered all the relevant sentencing factors. In its brief on appeal, the Government relies on Martinovich's adoption of the PSR and, further, contends that the district court did not err in failing to specifically address this "vague and conclusory" claim. The Government also argues that Martinovich cannot establish prejudice, given the district court's reliance on numerous other factors.

We find that the district court erred in summarily dismissing this claim. Martinovich has made a credible showing that his proffer regarding his volunteer and employment work in prison was truthful. His statements that he informed his attorney of this and requested that that objections be made are undisputed at this time. Further, the sentencing court explicitly concluded that Martinovich was exaggerating his work in prison based on its belief, not included in the PSR, that the BOP would document everything Martinovich was alleging. This conclusion bolstered the sentencing court's belief that Martinovich was trying to "game" the system. While Martinovich affirmed the correctness of PSR, the actual PSR stated little more than that the BOP records on

4

these issues did not exist. Given the additional error listed below, as well as the fact that the district court did not specifically address the details of this claim and did not request a response from the Government, we vacate the district court's order and remand for further proceedings.

## II.

Before imposing sentence, the sentencing court stated that it would not consider "any of the positive things [Martinovich] did with the community because that was all presented" at a prior sentencing in a different case in 2013. Martinovich contends that this was error, and his attorney was ineffective for failing to object. The district court summarily dismissed the claim, concluding merely that the court considered all the appropriate sentencing factors. The Government, in its brief on appeal, contends that the district court was analyzing the changes in the sentencing factors after Martinovich's sentencing in 2013. The Government also asserts that Martinovich failed to state what facts the district court ignored.

In considering the sentencing factors when determining Martinovich's sentence, the court was very detailed. However, the court's explicit statement that it would not consider Martinovich's positive work in the community while sentencing him is troubling. As the Government intimates, it appears that the court was seeking to sentence Martinovich on just his activities after the 2013 sentencing. However, in choosing an appropriate sentence, the court was required to consider all the § 3553 factors. *See Gall v. United States*, 552 U.S. 38, 50 (2007).

5

In addition, the Government's contention that Martinovich did not explicitly state what information the sentencing court failed to consider is without merit. The court had, minutes before, considered the following information when resentencing Martinovich in his prior case:

> Community-wise in the PSR he was a water-walker. He was a powerful person in the Big Brothers and Sisters, a basketball coach at various places, the Board of Directors, United Service Organizations of Hampton Roads, he funded the baseball stadium at Hampton Roads Academy, he was affiliated with the Boys and Girls Club. So a great community leader, no question about it. "No doubt, he was helping those in need. No doubt, he knows how to engage in honorable and admirable behavior," is what I wrote in my notes.

When turning to the instant sentence, however, the court explicitly stated that it would not consider any of the positive things that Martinovich did in the community prior to his prison sentence.

Considering how strongly this factor favored Martinovich, it is concerning that counsel did not challenge the court's statement. Moreover, while the Government appears to believe that the sentencing court was only considering Martinovich's actions after his first sentencing, this in itself would be error as the sentencing court is charged with considering the full range of sentencing factors. Given that the district court only summarily addressed this claim and that the Government did not respond in district court, the current record provides no insight into counsel's strategy or lack thereof. In addition, the district court did not address the prejudice prong, aside from stating that all the § 3553 factors were considered, which was erroneous given the court's statement. Finally, as discussed above, it appears that the district court also failed to consider

Martinovich's positive work in prison. Accordingly, we vacate this portion of the district court's order and remand for further proceedings.

III.

At sentencing, the district court calculated the Sentencing Guidelines range and then stated, "the government has asked for 63 months to run concurrent with the sentence I imposed on the 2012 case, and [Martinovich's counsel] has agreed with that." Counsel did not object. Sixty-three months was the top of the Guidelines range, and Martinovich asserts that his attorney was ineffective for agreeing to such a sentence, especially absent authorization. The district court rejected the claim, relying on counsel's written sentencing memorandum, requesting that Martinovich be sentenced "substantially below the agreed guideline range and that the sentence imposed on Count 10 . . . run concurrent as contemplated by the plea agreement and agreed to by the United States." However, it appears the request for a lower-than-Guidelines range sentence was only with regard to the 2012 case, as that was the only case with an "agreed" Guidelines range in the plea agreement. Further, the district court's reasoning is illogical. If indeed counsel requested a below-Guidelines sentence in presentencing memoranda in the 2015 case, the sentencing court's determination that counsel had agreed to the top of the Guidelines range was obvious and clear error. Moreover, if counsel had objected, it is arguable that the district court might have imposed a sentence in the middle of the Guidelines range, as it did in the 2012 case, and perhaps might have run less of it consecutively, in order to keep the consecutive percentage the same. Given the closeness of this issue, the district

7

court erred in denying this claim without a hearing. Accordingly, we vacate this portion of the district court's order and remand for further proceedings.

As such, we vacate the portion of the district court's order summarily denying Martinovich's claim of ineffective assistance based on his attorney's failure to object at sentencing to the court's reliance on erroneous facts regarding Martinovich's volunteer and employment activities in prison, to the court's determination that it would not consider Martinovich's prior work in the community, and to the court's conclusion that counsel agreed to a sentence at the top of the Guidelines range. We remand these claims for further consideration consistent with this opinion. Further, having already denied a COA as to the remainder of the appeal, we dismiss the appeal regarding those claims. In addition, we deny Martinovich's motion to strike, his premature petition for rehearing and rehearing en banc, and his motion for reconsideration. We deny his motion for status and resolution as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED IN PART,*
*DISMISSED IN PART*